IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RONALD ADLER and LISA ADLER, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. |
| v. | ) | |
| | ) | |
| SPECIALIZED LOAN SERVICING, LLC | ) | JURY TRIAL DEMANDED |
| | ) | |
| | ) | |
| Defendant. | ) | |

# COMPLAINT

Plaintiffs RONALD ADLER and LISA ADLER, through undersigned counsel, bring this complaint against Defendant SPECIALIZED LOAN SERVICING, LLC, and alleges as follows:

### NATURE OF THE ACTION

1. Plaintiffs bring this action for damages for violations of the Fair Debt Collection Practices Act (the "FDCPA").

2. The claims stated herein stem from Defendant's wrongful debt collection activities on a consumer debt that was discharged in bankruptcy.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1337, and 15 U.S.C. § 1692k (FDCPA).

4. Venue is proper in this District under 28 U.S.C. § 1391, as the events complained of occurred in this District.

1

## PARTIES

5. Plaintiff Ronald Adler is a natural person who resides at 103 Stonegate Drive, Oswego, Illinois 60543, and from whom Defendant attempted to collect an allegedly defaulted consumer debt.

6. Mr. Adler is a "consumer" as defined by Section 1692a(3) of the FDCPA.

7. Plaintiff Lisa Adler is a natural person who resides with her husband, Mr. Adler, at their home in Oswego, Illinois.

8. Mrs. Adler is a "consumer" as defined by Section 1692a(3) of the FDCPA.

9. Defendant, Specialized Loan Servicing, LLC ("SLS") is a Delaware limited liability company with its principal place of business at 8742 Lucent Boulevard, Suite 300, Highlands Ranch, Colorado 80129.

10. SLS does business in the State of Illinois, including in this District, and has a registered agent in Illinois.

11. SLS acts as a mortgage lender and servicing of mortgage loans, including in Illinois.

12. SLS is a debt collector (as that term is defined in Section 1692a(6) of the FDCPA) because it uses the mails in its business, the principal purpose of which is the collection of consumer debts, and because it regularly attempts to collect debts owed or due or asserted to be owed or due another.

## FACTS SUPPORTING THE ACTION

13. On or about January 13, 2007, Plaintiffs took out a second mortgage on their home in the amount of $39,687.00 (the "Second Mortgage").

14. The purpose of the Second Mortgage was to provide Plaintiffs with liquidity to pay for improvements on their family home and to cover other household, family, and personal expenses.

15. Due to financial hardship that arose during the 2008 recession, Plaintiffs fell behind on the Second Mortgage in 2009.

16. Plaintiffs filed for chapter 7 bankruptcy protection on February 21, 2013 (the "petition date").

17. Prior to the petition date, servicing rights to the Second Mortgage were acquired by Real Time Resolutions, Inc. ("Real Time").

18. Notice of Plaintiffs' bankruptcy case was provided to Real Time.

19. On May 28, 2013, Plaintiffs received a discharge from their bankruptcy case, which included the Second Mortgage.

20. On or about October 15, 2014, Real Time sent Plaintiffs a letter acknowledging Plaintiffs' bankruptcy case and indicating that Real Time would not attempt to collect the Second Mortgage from Plaintiffs due to the bankruptcy discharge.

21. On or about March 1, 2015, SLS acquired servicing rights on the Second Mortgage from Real Time.

22. When SLS acquired servicing rights on the Second Mortgage, the Second Mortgage had been in default for at least five years.

23. When SLS acquired servicing rights on the Second Mortgage, it knew that the Second Mortgage was a defaulted consumer debt.

24. On March 12, 2015, SLS sent Plaintiffs a letter notifying them of the servicing transfer and attempting to collect the Second Mortgage from them, notwithstanding the bankruptcy discharge.

25. Prior to attempting to collect the Second Mortgage from Plaintiffs on March 12, 2015, SLS knew or could have reasonably ascertained that Plaintiffs' personal obligation on the Second Mortgage had been discharged in bankruptcy.

26. In or around March 2015, Plaintiffs contacted SLS to inform SLS's representatives that Plaintiffs had filed bankruptcy, that their personal obligations on the Second Mortgage had been discharged, and that Plaintiffs would not be making further payments on the Second Mortgage.

27. Nevertheless, from March 12, 2015 and thereafter, SLS sent Plaintiffs monthly mortgage statements and payment demands attempting to collect the Second Mortgage from Plaintiffs, notwithstanding the bankruptcy discharge, including on the following dates: September 19, 2016; October 19, 2016; November 19, 2016; December 19, 2016; January 19, 2017; and February 20, 2017.

28. Each of these monthly mortgage statements included the following statement: "SLS may report additional information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report."

29. Prior to sending each of these monthly mortgage statements, SLS knew or could have easily ascertained that Plaintiffs' personal obligations on the Second Mortgage had been discharged in bankruptcy, and that SLS was prohibited from attempting to collect the Second Mortgage from them.

4

30. Upon information and belief, SLS reported to credit bureaus that Plaintiffs were delinquent or late on their payments on the Second Mortgage from September 2016 through February 2017, notwithstanding that Plaintiffs' personal obligations on the Second Mortgage had been discharged in bankruptcy.

31. On November 15, 2016, SLS sent Plaintiffs a letter entitled "Settlement Offer" that offered a "discount" on the Second Mortgage as "payment in full."

32. The November 15, 2016 Settlement Offer was an attempt to collect the Second Mortgage from Plaintiffs.

33. Prior to sending the November 15, 2016 Settlement Offer, SLS knew or could have easily ascertained that Plaintiffs' personal obligations on the Second Mortgage had been discharged in bankruptcy, and that SLS was prohibited from attempting to collect the Second Mortgage from them.

34. On several occasions from September 2016 through February 2017, SLS called Plaintiffs at home and attempted to collect the Second Mortgage from them.

35. On each such call that Plaintiffs answered, Plaintiffs informed SLS's representatives that Plaintiffs had filed bankruptcy, that their personal obligations on the Second Mortgage had been discharged, and that Plaintiffs would not be making further payments on the Second Mortgage.

36. Plaintiffs suffered significant damages due to SLS's misconduct, including but not limited to emotional distress, anxiety, fear, embarrassment, aggravation, restlessness, sleeplessness, inconvenience, and feelings of depression, helplessness and hopelessness.

## COUNT I – VIOLATIONS OF THE FDCPA

37. Plaintiffs restate and realleges all prior paragraphs as though fully set forth herein.

38. Sections 1692e and 1692f of the FDCPA state, in relevant part, as follows:

**1692e. False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

\*\*\*

**(2) The false representation of--**

    **(A) the character, amount, or legal status of any debt; or**

    **(B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.**

\*\*\*

**(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.**

\*\*\*

**(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.**

\*\*\*

**(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**

\*\*\*

**1692f. Unfair practices**

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt . . . .**

    39.    In its attempts to collect the Second Mortgage from Plaintiffs, SLS violated the

FDCPA and used false, deceptive, and misleading representations, and used unfair, and

unconscionable means by, among other things:

    i.    using false and misleading representations and deceptive means in collection calls and mortgage statements/payment demands sent or communicated to Plaintiffs from September 2016 through February 2017 in an attempt to collect the Second Mortgage, in violation of Sections 1692e and e(10);

6

    ii.    using false and misleading representations and deceptive means in the November 2016 Settlement Offer, sent to Plaintiffs in an attempt to collect the Second Mortgage, in violation of Sections 1692e and e(10);

    iii.    communicating credit information which is known or which should be known to be false in collection calls and mortgage statements/payment demands sent or communicated to Plaintiffs from September 2016 through February 2017, and the November 2016 Settlement Offer, in an attempt to collect the Second Mortgage, in violation of Section 1692e(8);

    iv.    communicating credit information which is known or which should be known to be false in reports furnished to credit bureaus in an attempt to collect the Second Mortgage, in violation of Section 1692e(8)

    v.    misrepresenting the character, amount, and legal status of the Second Mortgage in collection calls and mortgage statements/payment demands sent or communicated to Plaintiffs from September 2016 through February 2017, and the November 2016 Settlement Offer, in an attempt to collect the Second Mortgage, in violation of Sections 1692e, e(2)(A), and e(10);

    vi.    threatening to take action that could not legally be taken in in collection calls and mortgage statements/payment demands sent or communicated to Plaintiffs from September 2016 through February 2017 in an attempt to collect the Second Mortgage, in violation of Section 1692e(5); and

    vii.    using unfair and unconscionable means to collect the Second Mortgage by offering Plaintiffs a "discount" on a debt under which they had no personal obligation, in violation of Section 1692f.

40. Plaintiffs suffered damages proximately caused by SLS's misconduct.

41. As a result of SLS's violations of the FDCPA, Plaintiffs are entitled to an award of actual damages, statutory damages, costs, and reasonable attorney fees.

WHEREFORE, Plaintiffs request that this Honorable Court:

    a.    grant judgment in Plaintiffs' favor against Defendants;

    b.    award Plaintiffs statutory and actual damages in an amount to be determined at trial;

    c.    award Plaintiffs reasonable attorneys' fees and costs pursuant to Section 1692k of the FDCPA; and

    d.    award any other relief this Honorable Court deems equitable and just.

**Plaintiffs Demands Trial by Jury.**

                                                                   Respectfully Submitted,

                                                                   /s/ *Daniel Brown*
                                                                   Daniel Brown (ARDC # 6299184)
                                                                   The Law Office of Daniel Brown
                                                                   208 S. Jefferson St., Suite 204
                                                                   Chicago, IL 60661
                                                                   (773) 453-7410
                                                                   daniel@mainstreetattorney.com

                                                                  *Attorney for Plaintiffs*


## DOCUMENT PRESERVATION DEMAND

Plaintiffs hereby demand that all Defendants take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to Plaintiffs, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with Plaintiffs, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of Plaintiffs' claims. If any Defendant is aware of any third party that has possession, custody, or control of any such materials, Plaintiffs demand that such Defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of any Defendant.

By: /s/ *Daniel Brown*
     Daniel Brown


## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorneys' fees have been assigned to counsel.

By:  /s/ *Daniel Brown*
      Daniel Brown

## VERIFICATION OF COMPLAINT

STATE OF ILLINOIS )
) ss
COUNTY OF KENDALL )

Pursuant to 28 U.S.C. § 1746, Plaintiff __RONALD ADLER__, verifies, certifies, and declares as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true to the best of my knowledge, information, and belief, formed after reasonable inquiry.

3. I have not filed this Complaint for any improper purpose, such as to harass any Defendant, cause unnecessary delay to any Defendant, or create a needless increase in the cost of litigation to any Defendant named in the Complaint.

4. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __SEPT.__ __17__, __2017__
                     Month    Day    Year

_[signed] Ronald Adler_
Signature

## VERIFICATION OF COMPLAINT

STATE OF ILLINOIS )
) ss
COUNTY OF KENDALL )

Pursuant to 28 U.S.C. § 1746, Plaintiff  Lisa Adler , verifies, certifies, and declares as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true to the best of my knowledge, information, and belief, formed after reasonable inquiry.

3. I have not filed this Complaint for any improper purpose, such as to harass any Defendant, cause unnecessary delay to any Defendant, or create a needless increase in the cost of litigation to any Defendant named in the Complaint.

4. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   Sept.   17 , 2017
               Month   Day   Year

_Lisa Adler_
Signature